UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY STEVENS, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Cause No. 1:18-cv-3015-WTL-MJD |
| USA DIVING, INC., et al., | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on three motions to dismiss, each of which is ripe for review. The Plaintiffs agree to the dismissal of Indiana Diving Association of USA Diving, Inc.; accordingly, its motion to dismiss (Dkt. No. 70) is **GRANTED**, and Indiana Diving Association of USA Diving, Inc., is dismissed without prejudice. The Court **GRANTS IN PART AND DENIES IN PART** the motions of USA Diving, Inc. (Dkt. No. 66); and Indiana Diving Academy, Inc., (which does business as RipFest) and John Wingfeld (Dkt. No. 68) for the reasons set forth below.

**I.   STANDARD**

Some of the Defendants in this case move to dismiss the Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the amended complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*,

578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II.     BACKGROUND

The Plaintiffs allege the following relevant facts in their Amended Complaint. Defendant Indiana Diving Academy, Inc., operates a residential diving program in Arcadia, Indiana. Plaintiff Amy Stevens was 16 years old when she moved from another state to join the program at the Indiana Diving Academy. Plaintiff Jane Doe 1 was an employee of Indiana Diving Academy. Defendant John Wingfield is the President of Indiana Diving Academy's residential diving facility and became the head coach of USA Diving in 2009. Defendant Johel Ramirez Suarez is a citizen of Venezuela. Defendant Chris Heaton is a former Indiana Diving Academy coach and former head diving coach at Harvard University. Stevens and Doe were allegedly assaulted by Suarez.

Every member of USA Diving signs a contract with USA Diving and pays a membership fee. Both Plaintiffs were USA Diving members and, as such, were required to pay dues to USA Diving. Suarez and Heaton were USA Diving certified coaches.

A diving club with a USA Diving "full coach member" can become a USA Diving-sanctioned club by paying annual dues. For a person to become a USA Diving coach, five steps are required: (1) paying money to USA Diving; (2) studying materials relating to safety and risk management; (3) taking an online safety training regarding lifeguarding skills; (4) completing concussion awareness training; and (5) completing a 90-minute SafeSport training.

2

USA Diving offers its banner to be displayed by more than 240 diving clubs across the country. Clubs display the banner to entice divers to dive there. Divers who see the banner trust that USA Diving has checked the quality and ensured the safety of its diving clubs. USA Diving assumed a duty to supervise and maintain a safe environment at the diving clubs which flew its banner. Further, by taking fees directly from diving members like the Plaintiffs, USA Diving assumed a duty to its members. By 2010, it was foreseeable to USA Diving that its members relied on it to ensure they could participate in diving without being sexually assaulted.

Suarez was the agent, servant and/or employee of Indiana Diving Academy from 2015 to 2017. At all relevant times, Suarez was the agent, servant, and/or employee of USA Diving because he coached USA Diving members at USA Diving member clubs and traveled with these teams to USA Diving-sanctioned events. Suarez had the actual and apparent authority to represent USA Diving, and he used his power as a USA Diving coach to manipulate the Plaintiffs so that he could sexually assault them.

By 2016, Indiana Diving Academy and Wingfield had received complaints that Suarez was sexually exploiting, assaulting, and raping multiple female athletes. Specifically, by late 2016, Wingfield and Indiana Diving Academy were aware that Suarez had assaulted Jane Doe 1. By late 2016, at least one other USA Diving employee had knowledge that Suarez had committed sexual assaults. No one at USA Diving or Indiana Diving Academy took steps to stop Suarez's abuse of young women.

Suarez helped Plaintiff Stevens stretch. By the end of 2015, Suarez was placing his hands and fingers over Stevens' swimsuit, directly on her vulva. In 2015 and 2016, Suarez touched and rubbed Stevens' vulva approximately a dozen times. He performed such actions on other minor

Indiana Diving Academy athletes. He was arrested in 2017 and pled guilty to three counts of battery for touching the vulva of a minor Indiana Diving Academy diver.

In the fall of 2016, Suarez attempted to digitally penetrate Jane Doe 1, who was sleeping in her room in the Indiana Diving Academy dorms. The next day, Doe told Wingfield, who was Doe's direct boss, that Suarez had assaulted her in the dorms. Wingfield took no action. Stevens, Doe, and other minors who were Indiana Diving Academy athletes and staff complained to Wingfield that Suarez was touching them inappropriately. Wingfield was dismissive of their complaints.

From 2014 to 2016, Heaton coached USA Diving members at USA Diving member clubs and traveled with these teams to USA Diving-sanctioned events and therefore was the agent, servant and/or employee of USA Diving. He also was the agent, servant, and/or employee of Indiana Diving Academy. Heaton had the actual and apparent authority to represent USA Diving, and he used his power as a USA Diving coach to manipulate the Plaintiffs so that he could sexually assault them.

By 2016, Indiana Diving Academy and Wingfield had received several complaints that Heaton was coercing minor divers to send him sexually graphic photos. In 2016, Stevens began to receive sexually explicit text messages from Heaton requesting nude photos and photos depicting graphic sexual acts. Heaton also sent nude and sexually explicit photos of himself. Stevens discussed the harassment with her coaches and teammates, but Wingfield and agents from Indiana Diving Academy and USA Diving ignored her complaints. Stevens and other minors who were Indiana Diving Academy athletes and staff complained to Wingfield that Heaton was sexually harassing them via text message. Wingfield was dismissive of their complaints.

4

The Defendants' failures to take action against Suarez caused Stevens and Doe severe emotional distress. Doe and Stevens both suffered and continue to suffer severe emotional distress, physical injuries, and economic losses.

### III. DISCUSSION

Relevant to the motions to dismiss[1] are a negligence claim against USA Diving (Count 11); a negligence claim against John Wingfield and Indiana Diving Academy (Count 12); and a negligent infliction of emotional distress claim against USA Diving, Wingfield, and Indiana Diving Academy (Count 14).

**A. Count 11: Negligence Claim Against USA Diving**

USA Diving clearly states that it is not asking the Court to rule as a matter of law that it had no legal duty to the Plaintiffs based on the facts as alleged in the Amended Complaint: "To be clear, USA Diving is not seeking a ruling at the motion to dismiss stage on whether a duty exists or not." Dkt. No. 67 at 29. USA Diving then, however, argues that the "Plaintiffs have not even tried to articulate in the allegations of the Amended Complaint an established legal duty extending from USA Diving to them." *Id.* The Court disagrees. The Plaintiffs expressly allege that a legal duty existed: "USA Diving is responsible for the conduct of its members (clubs, coaches, and athletes) and owes a duty of care to the divers." Dkt. No. 59 at 16 ¶ 88. Further, they have alleged the facts that they assert would support a finding of that legal duty. Even post-*Twombley*, notice-pleading is still all that is required. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) ("A plaintiff still must provide only enough detail to give the defendant

---

[1] In their response, the Plaintiffs indicate that they wish to dismiss the claims brought in Counts 1-6, 8, and 13. While the Plaintiffs also indicated that they intended to seek leave to file a second amended complaint to remove these claims, they have not done so. Accordingly, the Court grants the motion to dismiss with regard to these claims.

fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.") (quotations and citations omitted).

It appears to the Court that the only remaining question is whether applying the law to the facts alleged would result in a finding that a legal duty would exist. Taking the Defendant at its word that it is not asking the Court that reach that question at this stage in the case, the Court expresses no opinion on that question. Because the Plaintiffs have presented a series of factual allegations against USA Diving that state a plausible claim for relief, USA Diving's motion to dismiss with regard to Count 11 is **DENIED**.

  **B. Count 12: Negligence Claim Against Wingfield and Indiana Diving Academy**

Wingfield and Indiana Diving Academy argue that the Plaintiffs fail to identify the specifics of any duty that those Defendants owe to the Plaintiffs based on misconduct by independent contractors, Suarez and Heaton. However, the Plaintiffs allege that Suarez and Heaton were employees, not independent contractors, and those allegations must be taken as true at this stage of the proceedings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts as plead by the Plaintiffs state a plausible claim for relief, so Defendants Wingfield and Indiana Diving Academy's motion to dismiss with regard to Count 12 is **DENIED**.

  **C. Count 14: Negligent Infliction of Emotional Distress Claim Against USA Diving, Indiana Diving Academy, and Wingfield**

In their Complaint, the Plaintiffs allege that these Defendants owed the Plaintiffs a duty to provide a safe environment to coach and participate in the sport of diving and that the Defendants breached this duty by failing to take action against Suarez when they learned of his June 2016 assault of Doe. This breach, the Plaintiffs allege, caused Doe and Stevens to be

physically assaulted by Suarez, and the assaults caused Doe and Stevens to suffer emotional and physical injuries.

> To establish a claim of negligent infliction of emotional distress, a plaintiff must satisfy the requirements of either the modified impact rule or the bystander rule. *Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989, 998 (Ind. 2006). Under the modified impact rule, a plaintiff may seek damages for negligent infliction of emotional distress if he suffers "a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person[.]" *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991). Thus, a plaintiff who proceeds under the modified impact rule must plead that he suffered a direct physical impact. *Atlantic Coast Airlines*, 857 N.E.2d at 996.

*Neff v. Wal-Mart Stores* East, LP, 113 N.E.3d 666, 673 (Ind. Ct. App. 2018).

Defendants Indiana Diving Academy and Wingfield argue that there was no negligent act on the part of either and that the Plaintiffs fail to allege any such acts beyond mere conclusory statements. At the motion to dismiss stage, the Court takes all factual allegations as true. The Plaintiffs have sufficiently alleged facts to state a claim against the Indiana Diving Academy and Wingfield.

Defendant USA Diving, relying on *Neff*, argues that the Plaintiffs have not alleged that any negligence by USA Diving had a direct physical impact on them. However, this argument ignores the fact, as discussed above, that the Plaintiffs clearly allege that Suarez was an agent of USA Diving. As such, the facts alleged are distinguishable from *Neff*, where the court found that the plaintiff "[could not] point to any direct physical impact by [the defendant] or its agents." *Id.*

Defendant USA Diving also argues that "Indiana Courts have never permitted an action seeking damages for emotional distress predicated on a breach of an alleged duty not to inflict emotional injury on another and 'such independent, stand-alone actions for negligent infliction of emotional distress are not cognizable in Indiana.'" Dkt. No. 67 at 32-33 (quoting *Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011). However, the duty alleged by the Plaintiffs is a duty to

7

provide a safe environment, and the Plaintiffs have alleged that they suffered a direct physical impact at the hands of one of USA Diving's agents as a result of that breach of duty. Accordingly, the facts as pled by the Plaintiffs state a plausible claim for relief, so the Defendants' motions to dismiss with regard to Count 14 are **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the motions to dismiss of USA Diving, Inc. (Dkt. No. 66) and Indiana Diving Academy, Inc., and John Wingfeld (Dkt. No. 68) are **GRANTED IN PART AND DENIED IN PART**.[2] The claims in Counts 2, 3, 5, 6, 8, and 13 are dismissed. The motion to dismiss of Indiana Diving Association of USA Diving, Inc. (Dkt. No. 70) is **GRANTED**. Accordingly, this case proceeds on the claims against Defendant Chris Heaton in Count 7; Defendant Ramirez Suarez in Count 9; Defendant Ramirez Suarez in Count 10; Defendant USA Diving in Count 11; Defendants Indiana Diving Academy, Inc., and John Wingfield in Count 12; and USA Diving, Indiana Diving Academy, and John Wingfield in Count 14.

Date: 5/21/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record via CM/ECF

---

[2] The Defendants' motions to strike (Dkt. No. 72 and 74) are also **DENIED**. Federal Rule of Civil Procedure Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While not all of the allegations made by the Plaintiffs may be required under the notice pleading standard, the Court does not find that they are redundant, immaterial, impertinent or scandalous.