UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| AMY STEVENS, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) No. 1:18-cv-03015-JRS-MJD |
| USA DIVING, INC., et al., | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME**

This matter is before the Court on Plaintiff Amy Stevens' Motion for Enlargement of Time to Respond to Defendant Chris Heaton's Motion to Dismiss [Dkt. 176]. Heaton has filed a response opposing any extension of time. [Dkt. 177.] For the reasons set forth below, the Court **GRANTS** Stevens' motion over Heaton's objection.

This case was originally filed on September 30, 2018. Heaton was added as a Defendant when the Amended Complaint was filed on January 3, 2019; however, Heaton was not served until May 10, 2019. Before Heaton responded to the Amended Complaint, the Plaintiffs filed their Second Amended Complaint on June 11, 2019.[1] Heaton filed a motion to dismiss the Second Amended Complaint for lack of personal jurisdiction on June 25, 2019. *See* [Dkt. 148.]

The Plaintiffs' response to the motion to dismiss was due on July 16, 2019. *See* Local Rule

---

[1] Heaton inexplicably filed a motion to dismiss the Amended Complaint three days after the Second Amended Complaint was filed. That motion, [Dkt. 139], is **DENIED** as improvidently filed.

7-1(c)(2). On July 15, 2019, Plaintiffs' counsel moved to withdraw their appearances in this case. [*See* Dkt. 162 and Dkt. 163.] On July 22, 2019, new counsel appeared for Stevens; the following day, new counsel (different from Stevens' new counsel) appeared for Plaintiff Jane Doe.

In the instant motion for extension of time, Stevens, by her new counsel, seeks an extension of the deadline to respond to Heaton's motion to dismiss to August 15, 2019. As Stevens recognizes, the applicable standard is "excusable neglect" because Stevens' motion was filed after the expiration of the original deadline. "When a district court is considering whether excusable neglect exists, it should take into account such factors as 'the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Whitfield v. Howard*, 852 F.3d 656, 660 (7th Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In this case, Heaton articulates no prejudice that will result from the requested extension of time, and the Court sees none. There is no question that the good cause standard would have been satisfied and an extension to August 15th would have been granted had Stevens' original counsel filed a motion prior to the deadline on the grounds that they were in the process of withdrawing and therefore additional time was needed for new counsel to appear and respond to the motion. Heaton concedes as much. [*See* Dkt. 177 at 3] ("Plaintiff's prior counsel had the ability and opportunity to prevent this situation in its entirety by filing a simple motion for extension on or before July 3, 2019, when they were still counsel of record for the Plaintiffs."). The fact that that did not occur, but instead new counsel filed a motion for time a week later, changes nothing about "this situation" in any practical sense, and therefore does not prejudice Heaton in any way.

As for the other relevant factors, the amount of additional time sought is very reasonable in

light of the circumstances, and the short delay will have minimal effect on the proceedings. There is no evidence that Stevens, her prior counsel, or her new counsel have acted in bad faith with regard to the requested extension. The Court is aware of no other factors that would weigh in favor of denying the motion for time.

Heaton's position is that Stevens' prior counsel missed the deadline and Stevens should pay the price for their failure. [*See* Dkt. 177 at 3] ("When considering relevant circumstances, Courts have specifically held that 'clients must be held accountable for the acts and omissions of their attorneys.'" (citing *Pioneer Inv. Srvs. Co.*, 507 U.S. at 396; *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F. 3d 244, 247 (7th Cir. 2003) ("If the lawyer's neglect protected the client from ill consequences, neglect would become all too common."); *Suarez v. Town of Ogden Dunes*, 2006 WL 2982107, *3 (N.D. Ind. 2006) (Refusing to find excusable neglect where "the reasons for [failure to respond] were entirely within the control of Plaintiff['s] attorney.")). But those cases simply stand for the unremarkable proposition that "it was my lawyer's fault" does not equate to excusable neglect; whether an attorney's failure to act constitutes excusable neglect must be determined by analyzing the relevant factors. As set forth above, when those factors are applied to the circumstances of this case, the answer is clear.

Stevens' motion for extension of time to **August 15, 2019**, to respond to Heaton's motion to dismiss is **GRANTED**. For the sake of consistency, the time for Jane Doe to file any response to Heaton's motion is also enlarged to and including **August 15, 2019**.

SO ORDERED.

Dated: 26 JUL 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.