IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMY STEVENS and JANE DOE 1 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 1:18-cv-3015-JRS-MJD |
| v. | ) | |
| | ) | |
| USA Diving, Inc., | ) | |
| Indiana Diving Academy, Inc., d/b/a/ RipFest, | ) | |
| John Wingield, Johel Ramirez Suarez, and | ) | |
| Arcadia Church Events & Sports, LLC | ) | |

**DEFENDANT JOHEL RAMIREZ SUAREZ'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FOURTH
AMENDED COMPLAINT AND JURY DEMAND**

Defendant, Johel Ramirez Suarez ("Suarez") respectfully submits its Answer

and Affirmative Defenses to Plaintiffs' Fourth Amended Complaint and Jury

Demand ("Fourth Amended Complaint") as follows:

PARTIES

**The Plaintiffs**

1. Plaintiff Amy Stevens is an individual, and is a citizen of the State of Michigan.

    **Answer: In answer to paragraph 1, Defendant is without sufficient
    information or belief or admit or deny the allegations in this paragraph.
    Based on this lack of information or belief, Defendant denies allegations.**

2. Plaintiff Jane Doe 1 is an individual, and is a citizen of the State of Florida.

    **Answer: In answer to paragraph 2, Defendant is without sufficient
    information or belief or admit or deny the allegations in this paragraph.
    Based on this lack of information or belief, Defendant denies allegations.**

**The Defendants**

     *Defendant USA Diving*

3.    The Ted Stevens Amateur Sports Act ("The Sports Act") gives the USOC the express authority to authorize National Governing Bodies ("NGBs") in all Olympic Sports.

    **Answer: The Ted Stevens Amateur Sports Act speaks for itself, but Defendant denies any interpretation of or inference attempted to be drawn from the statute that is inconsistent with its plain and ordinary meaning. Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph 3. Based on this lack of information or belief, Defendant denies allegations.**

4.    Defendant USA Diving ("USA Diving") is the USOC-recognized and USOC-regulated NGB for the sport of diving.

    **Answer: In answer to paragraph 4, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

5.    USA Diving was at all times herein mentioned, and still is, an Ohio corporation with its principal place of business in the city of Indianapolis, Indiana.

    **Answer: In answer to paragraph 5, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

6.    USA Diving has appeared through counsel in this matter.

**Answer: Admit.**

*Defendant RipFest*

7.    Defendant Indiana Diving Academy, Inc., which does business as RipFest ("RipFest") is an Indiana corporation doing business in Indiana and a citizen of Indiana.

**Answer: In answer to paragraph 7, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

8.    RipFest operates a residential diving program at 108 Olive Street, Arcadia, Indiana 46030.

**Answer: In answer to paragraph 8, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

9.    RipFest has appeared through counsel in this matter.

**Answer: Admit.**

*Defendant John Wingield*

10.    John Wingfield is the President of RipFest residential diving facility.

**Answer: In answer to paragraph 10, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

11.    John Wingfield has been an agent, servant, or employee of USA Diving since 1998.

**Answer: In answer to paragraph 11, Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph.**

**Based on this lack of information or belief, defendant denies allegations.**

12.      John Wingfield opened the first USA Diving National Training Center.

         **<u>Answer:</u> In answer to paragraph 12, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

13.      In 2009, John Wingfield became the head coach of USA Diving.

         **<u>Answer:</u> In answer to paragraph 13, Defendant is without enough information or belief or admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

14.      John Wingfield was the official head coach of the 2008 Olympic USA Diving team.

         **<u>Answer:</u> In answer to paragraph 14, defendant admits John Wingield was the Olympic Diving Coach for 2008 Olympics. Defendant denies the remaining allegations in this paragraph.**

15.      John Wingfield is a four-time United States Olympic Committee Coach of the Year for diving.

         **<u>Answer:</u> In answer to paragraph 15, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

16.      John Wingfield was also named the United States Olympic Committee Developmental Coach of the year for all Olympic Sports in 2009.

         **<u>Answer:</u> In answer to paragraph 16, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

17.    At all relevant times, Defendant Wingfield and Defendant RipFest operated a residential diving program.

**Answer: In answer to paragraph 17, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

18.    John Wingfield has appeared through counsel in this matter.

**Answer: Admit.**

19.    John Wingfield is a citizen of the State of Indiana.

**Answer: Admit.**

### *Defendant Johel Ramirez Suarez*

20.    Defendant Johel Ramirez Suarez is a citizen of Venezuela.

**Answer: Admit.**

21.    Johel Ramirez Suarez will be served with the Fourth Amended Complaint in accord with Fed. R. Civ. P. 4 and this Court's Order [Doc. No. 124].

**Answer: Admit.**

### *Defendant Arcadia Church Events & Sports, LLC*

22.    Defendant Arcadia Church Events and Sports, LLC ("Arcadia") is a single-member Limited Liability Company with its principal place of business in Arcadia, IN.

**Answer: In answer to paragraph 22, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

23.    Defendant John Wingfield is the sole principal and manager of Arcadia, and the sole member, and thus Arcadia is a citizen of Indiana.

**Answer:** **In answer to paragraph 23, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

24.  At all times relevant, Arcadia owned, and operated properties used by Defendant RipFest including a commercial building located at 108 South Olive Street Arcadia, IN 46030.

**Answer:** **In answer to paragraph 24, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

25.  At all times relevant, the properties owned and operated by Arcadia were the home of Defendant RipFest.

**Answer:** **In answer to paragraph 25, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

## JURISDICTION AND VENUE

26.  This Court has diversity jurisdiction because all Plaintiffs are diverse from all Defendants and the amount in controversy exceeds the jurisdictional minimum of $75,000.

**Answer:** **In answer to paragraph 26, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies that "all Plaintiffs are diverse from all Defendants" and the Defendants deny that they owe any sum to Plaintiffs.**

27.     Venue is appropriate in this district because Defendants USA Diving and RipFest
have their corporate headquarters in this district, Defendant Wingfield is a citizen
and resident of this district, and a substantial part of the events or omissions giving
rise to the plaintiffs' claims occurred in this district.

**Answer: In answer to paragraph 27, defendant is without enough
information or belief to admit or deny the allegations in this paragraph.
Based on this lack of information or belief, Defendant denies allegations.**

### FACTS COMMON TO ALL COUNTS

### Overview of the Sports Act, the USOC, and Its NGBs, Clubs, and Coaches

28.     Olympic sports in the United States have a long history. Congress originally
chartered the United States Olympic Association in 1950 to organize and
promote the United States' participation in international Olympic competition.
This spun into the United States Olympic Committee (the "USOC") in 1964.

**Answer: In answer to paragraph 28, defendant is without enough
information or belief to admit or deny the allegations in this paragraph.
Based on this lack of information or belief, Defendant denies allegations.**

29.     In 1978, concerned with "the disorganization and the serious factional disputes that
seemed to plague amateur sports in the United States," Congress enacted the Ted
Stevens Olympic and Amateur Sports Act ("the Sports Act"), P.L. 95–606 (now
codified at 36 U.S.C. § 220501, *et seq.*), to codify the purpose and powers of the
USOC, and to create national governing bodies ("NGBs") for each Olympic sport.

**Answer: The Ted Stevens Amateur Sports Act speaks for itself, but**

**Defendant denies any interpretation of or inference attempted to be drawn from the statute that is inconsistent with its plain and ordinary meaning. Defendant is without sufficient information or belief to admit or deny the allegations in this paragraph 29. Based on this lack of information or belief, Defendant denies allegations.**

30.     Thus, the Sports Act controls the USOC and all of its NGBs.[1]

**<u>Answer:</u> In answer to paragraph 30, the referenced statute speaks for itself, but Defendant denies any interpretation of or inference attempted to be drawn from the statute defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

31.     As of 2018, there are 47 NGBs (one for each Olympic sport), ranging from USA Archery to USA Wrestling.

**<u>Answer:</u> In answer to paragraph 31, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

32.     USA Diving is one of 47 NGBs recognized by the USOC under the Act that sponsors or arranges amateur athletic competition.

**<u>Answer:</u> In answer to paragraph 31, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

33.     USA Diving selects divers to compete in the Olympic Games, World Championships, and other competitions.

**Answer: Based on belief and information, Defendant admits Paragraph 33.**

34. USA Diving submits the names of its selected athletes to the USOC for approval prior to international competitions, including but not limited to the Olympics.

**Answer: Based on belief and information, Defendant admits Paragraph 34.**

35. Athletes who seek to become U.S. Olympians in diving must be members of USA Diving.

**Answer: Based on belief and information, Defendant admits Paragraph 35.**

36. Athletes who seek to participate in USA Diving-sanctioned events must become USA Diving members.

**Answer: Based on belief and information, Defendant admits Paragraph 36.**

37. Under the Sports Act, USA Diving may sanction an organization to hold or sponsor competition if proper safety precautions have been taken to protect the personal welfare of athletes, and the organization requesting sanction implements and abides by policies and procedures to prevent abuse, including emotional, physical, and child abuse, of amateur athletes.

**Answer: In answer to paragraph 37, the referenced statute speaks for itself, but Defendant denies any interpretation of or inference attempted to be drawn from the statute defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

38. The Sports Act allows the USOC to require NGBs to adopt policies and procedures to ensure the physical safety of athletes.

**Answer: In answer to paragraph 38, defendant is without enough**

information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.

39.   For example, in 1999, the USOC required all NGBs to purchase insurance to specifically cover the sexual assaults of any minor.

**Answer: In answer to paragraph 39, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

40.   Since 1999 or before, USA Diving has maintained liability insurance for the sexual abuse of its members.

**Answer: In answer to paragraph 40, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

41.   If NGBs did not purchase sexual abuse insurance, their members would not be permitted to use the USOC training facilities in Chula Vista, California; Lake Placid, New York; Marquette, Michigan; or Colorado Springs, Colorado.

**Answer: In answer to paragraph 41, defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

42.   USA Diving provides specific sexual molestation insurance to its clubs.

**Answer: In answer to paragraph 42, the terms and conditions of any purported insurance policies speak for themselves and Defendant denies any interpretation or inference attempted to be drawn that is inconsistent with the plain meaning of those terms and conditions. Defendant is without enough**

**information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

43.     USA Diving provides specific sexual molestation insurance coverage to its coaches.

**Answer: In answer to paragraph 43, the terms and conditions of any purported insurance policies speak for themselves and Defendant denies any interpretation or inference attempted to be drawn that is inconsistent with the plain meaning of those terms and conditions. Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

44.     USA Diving provides or provided specific sexual molestation insurance coverage to Johel Ramirez Suarez.

**Answer: In answer to paragraph 44, the terms and conditions of any purported insurance policies speak for themselves and Defendant denies any interpretation or inference attempted to be drawn that is inconsistent with the plain meaning of those terms and conditions. Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

45.     USA Diving provides specific sexual molestation insurance coverage to the RipFest diving club.

**Answer: In answer to paragraph 45, the terms and conditions of any purported insurance policies speak for themselves and Defendant denies any interpretation or inference attempted to be drawn that is inconsistent with**

11

**the plain meaning of those terms and conditions. Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

46. Plaintiffs are among the intended beneficiaries of USA Diving sexual abuse insurance.

   **Answer: In answer to paragraph 46, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

47. Jane Doe 1 and other employees of RipFest were made aware, and relied upon, the fact that USA Diving maintained insurance covering activities taking place at RipFest.

   **Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 47 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

48. USA Diving representatives routinely visited the RipFest facilities in Arcadia, Indiana.

   **Answer: In answer to paragraph 48, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

49. Jane Doe 1 and other RipFest employees routinely visited, with Wingfield and on behalf of RipFest, the USA Diving headquarters in Indianapolis.

   **Answer: In answer to paragraph 49, Defendant is without enough information or belief to admit or deny the allegations in this paragraph.**

**Based on this lack of information or belief, Defendant denies allegations.**

50. USOC maintains authority over the NGBs, but each NGB has complete and final control over its sport in the United States.

   **Answer: In answer to paragraph 50, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

51. Based on its exclusive control over diving as a sport, its membership contracts, and its public display of its banner atop swimming pools, USA Diving is responsible for the conduct of its members (clubs, coaches, and athletes) and owes a duty of care to the divers. USA Diving has complete and final control over the sport of diving in the United States.

   **Answer: In answer to paragraph 51, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

   **USA Diving's Willful Blindness to Sexual Abuse and Exploitation of Its Divers.**

52. From at least 2015 to 2017, up and until it permanently banned Suarez, USA Diving and its agents-- RipFest and John Wingfield--knowingly benefitted from USA Diving's relationship with Suarez, who was a USA Diving certified coach, recruiting talented divers, including Plaintiffs, to USA Diving clubs and transporting them to USA Diving sanctioned competitions around the county.

   **Answer: In answer to paragraph 52, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

**Additionally, Defendant denies there is any such thing as a "USA Diving certified coach."**

53.   USA Diving benefitted from this venture with Suarez with knowledge or in reckless disregard of the fact that they were engaging in sexual abuse of Plaintiffs because they had authority and operated under the USA Diving banner.

**Answer: In answer to paragraph 53, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, was "engaging in sexual abuse of Plaintiffs."**

54.   It was only because Suarez was a USA Diving coach that he was able to coerce Plaintiffs to provide forced sexual services. Plaintiffs were vulnerable and striving to reach their Olympic dream or pursue their career passions, they were pursuing college scholarships, and they were tantalized by the prospect of sponsorships.

**Answer: In answer to paragraph 54, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, "coerced Plaintiffs to provide forced sexual services."**

55.   USA Diving participated in this venture by receiving membership fees from Plaintiffs while also acting as the travel agent and commercial funder for Suarez in the sexual exploitation of young female divers. Plaintiffs were wearing Team USA on their uniforms while competing for USA Diving and were required to obey the sexual demands of their coach.

**Answer: In answer to paragraph 55, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, "sexually exploited young female divers" and "required" these females to "obey the**

sexual demands of their coach."

56.     If Plaintiffs wanted to stay on Team USA and fulfill their childhood dreams to
compete or coach as Olympians for the United States, they had no choice but to
submit to the coach's sexual demands.

**Answer: In answer to paragraph 56, Defendant denies all allegations.
Defendant denies that Defendant, as mentioned in this paragraph, "sexually
exploited young female divers" and "required" these females to "obey the
sexual demands of their coach."**

57.     Because Suarez was a USA Diving-certified coach and possessed the apparent and
actual authority to decide who would ultimately succeed in the sport, he was able
to sexually abuse and exploit Plaintiffs with impunity.

**Answer: In answer to paragraph 57, Defendant denies all allegations.
Defendant denies that Defendant, as mentioned in this paragraph, "sexually
abused and exploited Plaintiffs."**

58.     Suarez used his authority as a USA Diving coach to abuse Plaintiffs.

**Answer: In answer to paragraph 58, Defendant denies all allegations.
Defendant denies "abusing Plaintiffs."**

59.     Suarez's actions were taken on the behalf of USA Diving, such that when he
sexually assaulted and raped Plaintiffs he did so in his capacity as an official coach
of Team USA's Diving team.

**Answer: In answer to paragraph 59, Defendant denies all allegations.
Defendant denies that Defendant, as mentioned in this paragraph, "sexually
assaulted and raped Plaintiffs."**

60.     Each USA Diving member, including Plaintiffs herein, had to abide by the rules and regulations of the USOC and USA Diving when competing or coaching in USA Diving sanctioned events.

        **Answer: Admit.**

61.     USA Diving members, including Plaintiffs, also had to comply with the drug testing protocols and procedures of the USOC controlled United States Anti-Doping Administration.

        **Answer: Admit.**

62.     To be a USA Diving member, such as the Plaintiffs herein, everyone must pay dues to USA Diving.

        **Answer: Admit.**

63.     Part of the dues paid by Plaintiffs went towards the financial grants that USOC and USA Diving awarded to Wingfield, Suarez, and the clubs for which they coached.

        **Answer: Deny all allegations within paragraph 63.**

64.     Parents make significant investments of money for their children, many of whom are Olympic hopefuls, to train at "prestigious" clubs, like RipFest, and under coaches, like Suarez, who are authorized and approved by USA Diving.

        **Answer: In answer to paragraph 64, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

        **RipFest and Wingfield Use Reputation Bestowed by USA Diving**

65.     The Indiana Diving Academy, known as RipFest, is a USA Diving-certified club.

        **Answer: In answer to paragraph 65, Defendant is without enough**

**information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

66. RipFest is based in Arcadia, Indiana and operates clubs in Indiana, Michigan and Ohio.

     **Answer: In answer to paragraph 66, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

67. RipFest is owned and operated by Defendant John Wingfield.

     **Answer: Admit.**

68. John Wingfield and RipFest financially benefitted from Suarez's participation in USA Diving.

     **Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 68, for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

69. John Wingfield was <u>the</u> 2008 USA Diving Olympic Coach.

     **Answer: Admit.**

70. RipFest used Wingfield's "celebrity" status and the authority bestowed upon him by USA Diving to gain the trust and admiration of Olympic-hopefuls and their



parents.

**Answer: In answer to paragraph 70, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

71.    Wingfield's prestige as the 2008 Olympic coach allured families to RipFest and lead them to believe their children were being trained at an elite facility by elite coaches, and that they would be Olympic-hopefuls and have a shot at touching the Olympic dream.

**Answer: In answer to paragraph 71, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

72.    USA Diving has regularly promoted and advertised on behalf of John Wingfield and his diving clubs.

**Answer: In answer to paragraph 72, Defendant is without enough information or belief to admit or deny the allegations in this paragraph.**

**Based on this lack of information or belief, Defendant denies allegations.**

73.     Under John Wingfield, from 2015 to 2017, Suarez was the agent, servant, and/or employee of RipFest.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 73 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

74.     At all relevant times, Suarez was the agent, servant, and/or employee of USA Diving because he coached USA Diving members at USA Diving member clubs and traveled with these teams to USA Diving-sanctioned events.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 74 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

75.     Suarez was affirmatively cloaked with both the actual and apparent authority to represent USA Diving.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 75 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

76.     Suarez used his power as a USA Diving coach to manipulate Plaintiffs so that he could sexually assault them.

**Answer: In answer to paragraph 76, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, "manipulated" plaintiffs and futher denies "sexually assaulting" them.**

77.     By 2015, RipFest and John Wingfield had received complaints that Suarez was

routinely sexually exploiting, assaulting, and raping multiple female athletes that were entrusted into the protection (and bound by the commercial terms of) USA Diving, RipFest and John Wingfield.

**Answer: In answer to paragraph 77, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

**Sexual Abuse, Exploitation, and Forced Labor of Plaintiff Amy Stevens**

78.   In the fall of 2015, while Suarez was coaching at RipFest, Amy Stevens (Amy) was enticed, recruited, or otherwise induced to move from another state to join the program at RipFest.

**Answer: In answer to paragraph 78, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

79.   Amy was approximately 16 years old when she joined RipFest.

**Answer: In answer to paragraph 79, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

80.   During the winter, RipFest holds diving practice at local pools, which RipFest rents from local public-school districts.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 80 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

81.   RipFest has rented pools from at least North Central High School, Fishers High

School, Noblesville High School, and Hamilton Heights High School.

**Answer: In answer to paragraph 81, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

82.     While Amy stretched at RipFest practices at various pools in Marion and Hamilton Counties, Defendant Suarez would help Amy stretch.

**Answer: Defendant admits to helping swimmers/divers stretch as part of his professional responsibilities as a coach. Defendant denies all other allegations herein paragraph 82.**

83.     As time progressed, Suarez began moving his hands further down Amy's thighs while helping her stretch.

**Answer: Deny all allegations within paragraph 83.**

84.     By the end of 2015, Suarez was placing his hands and fingers over Amy's swimsuit, directly on her vulva.

**Answer: Deny all allegations within paragraph 84.**

85.     Suarez inappropriately touched and rubbed Amy's vulva approximately a dozen times in 2015 and 2016.

**Answer: Deny all allegations within paragraph 85.**

86.     On each of the various occasions of sexual assault, Suarez inappropriately touched and rubbed Amy's vulva for varying amounts of time.

**Answer: Deny all allegations within paragraph 86.**

87.     Defendants Wingfield and Ripfest were on notice of multiple incidents of groping and sexual assault by Defendant Suarez as early as June 2015, but took no action

to stop Suarez's behavior or protect Amy.  Suarez's assaulted Amy multiple times after Ripfest and Wingfield were on notice of Suarez's assaults.

**Answer: In answer to paragraph 87, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, "assaulted Amy multiple times."**

88.    Suarez pled guilty to touching the vulva of another RipFest diver when he was arrested in Hamilton County in November 2017.

**Answer: Deny all allegations within paragraph 88.**

**Sexual Abuse, Exploitation, and Forced Labor of Plaintiff Jane Doe 1**

89.    At all relevant times, Plaintiff Jane Doe 1 was an employee of RipFest.

**Answer: In answer to paragraph 89, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

90.    At all relevant times, Jane Doe 1 was a sanctioned and licensed USA Diving Coach.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 90 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

91.    Jane Doe 1 began working full-time for RipFest in April 2015.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 80 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

92.    Shortly after Jane Doe 1 began her full-time employment with RipFest, Suarez began inappropriately touching her in a sexual manner without her consent while

on the pool deck at the Forest Park Aquatic Center in Arcadia, Indiana from which RipFest primarily operated.

**<u>Answer:</u> Deny all allegations within paragraph 82.**

93. During this time, Suarez also consistently made inappropriate sexual comments to and about Jane Doe 1.

**<u>Answer:</u> Deny all allegations within paragraph 93.**

94. These occurrences initially happened to Jane Doe 1 a couple of times per week, starting in April, 2015.

**<u>Answer:</u> Deny all allegations within paragraph 94.**

95. Jane Doe 1 first reported these occurrences in June or July of 2015 to John Wingfield, as well as to Chris Zukas, another RipFest coach, and others, after which point Jane Doe 1 complained to Wingfield, Zukas and others about this behavior repeatedly.

**<u>Answer:</u> Deny all allegations within paragraph 95.**

96. These conversations between Jane Doe 1 and both John Wingfield and Chris Zukas about Suarez's inappropriate pool deck behavior occurred on the pool deck of the Forest Park Aquatic Center and at various meetings in and around the RipFest camp facilities, all in Arcadia, Indiana.

**<u>Answer:</u> In answer to paragraph 96, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies any "inappropriate pool deck behavior."**

97. Wingfield's initial response to Jane Doe 1's verbal statements concerning Suarez's

unconsented assaults and touching was to ignore her concerns and state that he "Doesn't deal with drama."

**Answer: In answer to paragraph 97, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies any "unconsented assault and touching."**

98.    Jane Doe 1 repeated these concerns to John Wingfield, Chris Zukas, and others, from the summer of 2015 forward through the summer of 2017, during which time the inappropriate touching on the pool deck intensified, becoming a daily occurrence.

**Answer: In answer to paragraph 98, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies all other allegations specific to any inappropriate behavior.**

99.    John Wingfield never took any action, either directly with Suarez or otherwise, to prevent, protect, or otherwise cause the cessations of Suarez's unconsented touching of Jane Doe.

**Answer: Defendant is without enough information or belief to admit or deny the allegations in this paragraph 99. Based on this lack of information or belief, Defendant denies allegations. Defendant denies any unconsented touching.**

100.    Jane Doe 1 was concerned that she would lose her job if she reported the incidents outside of RipFest.

**Answer:** **In answer to paragraph 100, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

101.   While Jane Doe 1 worked for RipFest, there were no other employees or managers of RipFest, other than Wingfield, who had the authority to take any action to prevent or curtail Suarez's unconsented sexual touching.

**Answer:** **In answer to paragraph 101, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

102.   In July or August of 2016 Jane Doe 1 awoke to Suarez getting into her bed in the RipFest dormitory in Arcadia, Indiana, whereby he attempted to have sex with her and sexually assaulted her.

**Answer:** **Deny all allegations within paragraph 102.**

103.   Jane Doe 1 was able to force Suarez from her bed, after repeatedly yelling at him to stop, but not until after he had digitally penetrated her.

**Answer:** **Deny all allegations within paragraph 103.**

104.   Jane Doe 1 informed John Wingfield of this incident within a couple of weeks, during a conversation that took place on the pool deck at the Forest Park Aquatic Center, to which John Wingfield responded by stating that "He [Suarez] is Venezuelan, that's just how they are" and was generally dismissive of Jane Doe 1's report of the incident.

**Answer:** **In answer to paragraph 104, Defendant is without enough information or belief to admit or deny the allegations in this paragraph.**

**Based on this lack of information or belief, Defendant denies allegations.**

105.    After this dormitory room assault, and after Jane Doe 1 informed Wingfield of it, Jane Doe 1 also informed Chris Zukas and others of the incident.

   **Answer: In answer to paragraph 105, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies the referenced "dormitory room assault."**

106.    After this dormitory room assault, Suarez continued to inappropriately interact with Jane Doe 1 and touch her without consent in a sexual manner on the pool deck.

   **Answer: In answer to paragraph 106, Defendant denies all allegations. Defendant denies that Defendant, as mentioned in this paragraph, "inappropriately interacted" and "touched" Jane Doe 1 in a "sexual manner."**

107.    In October of 2016, Suarez again entered Jane Doe 1's RipFest dorm room in Arcadia while she was sleeping, and was again awakened as he got into her bed and again attempted to have sex with her.

   **Answer: Deny all allegations within paragraph 107.**

108.    Jane Doe 1 was able to again force Suarez from her bed.

   **Answer: Deny all allegations implied herein Paragraph 108.**

109.    Jane Doe 1 reported this second dormitory assault incident within a week to John Wingfield, during a conversation which she believes took place outside of her room in the RipFest dormitory.

   **Answer: In answer to paragraph 109, Defendant is without enough**

**information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

110.   During this conversation Wingfield again stated that "this is just how Venezuelans are" and that he "doesn't deal with drama." Wingfield again did not take Jane Doe 1's report seriously.

   **Answer: In answer to paragraph 110, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

111.   After informing Winfield, Jane Doe 1 also informed Chris Zukas and others of this second dormitory room assault.

   **Answer: In answer to paragraph 111, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

112.   Suarez's behavior and unconsented sexual touching continued on the pool deck and dryland center at Forest Park Aquatic Center, and in the RipFest dormitory, until Jane Doe 1 ceased her employment with RipFest in August of 2017.

   **Answer: Deny all allegations within paragraph 112.**

113.   Thus, by June or July of 2015 at the latest, John Wingfield and RipFest were specifically aware that Suarez had assaulted Jane Doe 1 via unconsented sexual touching on the pool deck of the Forest Park Aquatic Center.

   **Answer: In answer to paragraph 113, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations.**

114.   By August 2016 Wingfield and RipFest were aware that Suarez had forced his way into Jane Doe 1's dormitory, attempted to have sex with her, and sexually assaulted her.

**Answer: In answer to paragraph 114, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies all other allegations within the paragraph.**

115.   RipFest and John Wingfield knew or were recklessly blind to the fact that Suarez presented a clear and present danger to young female athletes.

**Answer: In answer to paragraph 115, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies all other allegations within the paragraph.**

116.   Not a single person at RipFest or USA Diving took any action to stop Suarez's abuse of young women.

**Answer: In answer to paragraph 116, Defendant is without enough information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, Defendant denies allegations. Defendant denies all other allegations within the paragraph.**

117.   USA Diving knew or was willfully blind to the fact that Suarez presented a clear and present danger to young female athletes.

**Answer: In answer to paragraph 117, Defendant is without enough information or belief to admit or deny the allegations in this paragraph.**

**Based on this lack of information or belief, Defendant denies allegations. Defendant denies all other allegations within the paragraph that implies Defendant presented a clear and present danger to any young female athlete.**

**<u>Law Enforcement Finally Intervenes to Stop Suarez</u>**

118.    In the summer of 2017, Suarez began to stretch another minor diver at RipFest practices.

>    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 118 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

119.    As summer turned to fall in 2017, Suarez moved his hands up her legs.

>    **<u>Answer:</u> Deny all allegations within paragraph 119.**

120.    By the fall of 2017, Defendant Suarez was placing his hands on her vulva.

>    **<u>Answer:</u> Deny all allegations within paragraph 120.**

121.    This diver complained to her teammates at RipFest.

>    **<u>Answer:</u> Deny all allegations within paragraph 121.**

122.    She complained to Defendant John Wingfield about Suarez touching her inappropriately while stretching.

>    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 122 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

123.    Defendants Suarez and Wingfield ignored her complaints.

>    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 123 for lack of information and knowledge sufficient upon**

**which to form a belief and, therefore, leave Plaintiffs to their proofs.**

124.    This diver then called her parents, who contacted Hamilton county law enforcement in November 2017.

    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 124 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

125.    A member of the media contacted North Central High School and RipFest prior to Suarez's arrest to inquire about allegations of sexual abuse against Defendant Suarez in November 2017.

    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 125 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

126.    Defendant John Wingfield and Defendant Suarez were both approached by administrators at North Central High School.

    **<u>Answer:</u> Deny all allegations within paragraph 126.**

127.    Defendant Wingfield denied any knowledge of complaints against Defendant Suarez when questioned by North Central High School officials.

    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in this Paragraph 127 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

128.    Defendant Wingfield took no action against Defendant Suarez after the media inquiry into Defendant Suarez.

    **<u>Answer:</u> The Defendant neither admit nor deny the allegations contained in**

**this Paragraph 128 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

129.   Defendant Suarez was arrested and charged with 32 felony counts of child sexual abuse on November 29, 2017, in *State of Indiana v. Ramirez Suarez,* 29C01-1711-F5-008587.

**Answer: Defendant admits that an arrest took place and that charges were brought in cause number 29C01-1711-F5-008587. The Defendant denies the allegations contained in this Paragraph 129 because they are untrue and misrepresented. The actual charges are public record and speak for themselves. In summation, Defendant was charged with 5 felony counts sexual misconduct with a minor, 5 felony counts child seduction, and 22 B Misdemeanor counts of Battery. All but three counts of MB:Battery were dismissed. The remaining counts were dismissed.**

130.   Defendant Suarez sexually assaulted at least 5 teenage divers while he was a USA Diving certified coach.

**Answer: Deny all allegations within paragraph 130.**

131.   Subsequent to his arrest, USA Diving placed Suarez on the "permanently ineligible for membership" list.

**Answer: Admit.**

132.   At no point did USA Diving make efforts to inquire about or ensure the welfare of his victims and other divers. USA Diving did not offer therapy, counseling or any psychological help for the young women that were abused, despite the fact it allowed Suarez access to these women and ignored the complaints of his abuse

for months.

**Answer: The Defendant neither admit nor deny the allegations contained in this Paragraph 132 for lack of information and knowledge sufficient upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

<u>**CLAIMS FOR RELIEF**</u>
**COUNT 1**
**Battery**
*By Jane Doe 1 Against Defendant Ramirez Suarez*

133.   Jane Doe 1 realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

**<u>Answer:</u> Deny all allegations within paragraph 133, because they are untrue.**

134.   Via numerous occurrences from April 2015 through August of 2017, including two egregious dormitory room sexual assaults in August and October of 2016, Suarez acted with intent to cause harmful or offensive contact with Jane Doe 1.

**<u>Answer:</u> Deny all allegations within paragraph 134, because they are untrue.**

135.   Via numerous occurrences from April 2015 through August of 2017, including two egregious dormitory room sexual assaults in August and October of 2016, Suarez did cause harmful or offensive contact with Jane Doe 1.

**<u>Answer:</u> Deny all allegations within paragraph 135, because they are untrue.**

136.   Suarez's sexual assaults of Jane Doe 1 caused damages to Jane Doe 1.

**<u>Answer:</u> Deny all allegations within paragraph 136, because they are untrue.**

137.   The amount of those damages shall be determined by a jury and are greater than seventy-five thousand dollars ($75,000.00).

**<u>Answer:</u> Deny all allegations within paragraph 137.**

**COUNT 2**
**Battery**
*By Amy Stevens Against Defendant Ramirez Suarez*

138.     Amy realleges and incorporates by reference each and every allegation contained

in the preceding paragraphs as if fully set forth herein.

**<u>Answer:</u> Deny all allegations within paragraph 138, because they are untrue.**

139.     From 2015 through 2017, Suarez acted with intent to cause harmful or offensive

contact with Amy Stevens.

**<u>Answer:</u> Deny all allegations within paragraph 139, because they are untrue.**

140.     Suarez sexually assaulted Amy Stevens, then a minor, approximately twelve to

twenty times while Amy Stevens was an athlete at RipFest.

**<u>Answer:</u> Deny all allegations within paragraph 140, because they are untrue.**

141.     Suarez's sexual assault of Amy Stevens was harmful and offensive and caused

damages to Amy Stevens.

**<u>Answer:</u> Deny all allegations within paragraph 141, because they are untrue.**

142.     The amount of those damages shall be determined by a jury and are greater than

seventy-five thousand dollars ($75,000.00).

**<u>Answer:</u> Deny all allegations within paragraph 142, because they are untrue**.

**COUNT 3**
**Negligence and Gross Negligence**
*By Plaintiffs against USA Diving*

143.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

   **Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required to the extent a response is required, Johel Ramirez Suarez incorporates its response to the preceding paragraphs.**

144.   USA Diving certifies, credentials, disciplines, insures, and ultimately has control over its member coaches.

   **Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 144 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

145.   USA Diving has a duty to promulgate policies and procedures to create a safe environment for its athlete members.

   **Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 145 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

146.   USA Diving breached its duties when it failed report complaints of sexual abuse and/or harassment to law enforcement authorities in Indiana.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 146 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

147.   USA Diving breached its duties when it failed to investigate coaches about whom it had received complaints of sexual misconduct.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 144 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

148.   USA Diving failed to investigate multiple complaints of sexual misconduct by coaches at RipFest.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 148 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

149.   USA Diving failed to investigate multiple complaints of sexual misconduct by athlete members against Defendants Suarez.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks**

**knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 149 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

150.   USA Diving failed to take any sort of action against RipFest coaches when it learned that multiple member athletes made allegations against RipFest coaches, including Suarez.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 150 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

151.   USA Diving failed to timely implement the policies and procedures concerning the prevention, reporting, and investigation of athlete sexual abuse mandated by the USOC Safe Sport Program.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 151 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

152.   USA Diving could have taken action against Suarez, instead it did nothing to stop Suarez from sexually assaulting young female members of USA Diving in Indiana.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 3, no response is**

**required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 152 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

153.   USA Diving acted willfully and wantonly violated its duties to Plaintiffs and thereby engaged in grossly negligent behavior. It was well known to them that sexual abuse was likely to occur and that Plaintiffs would be sexually abused and assaulted.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 153 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

154.   Because of multiple breaches of duty by USA Diving, Plaintiffs were individually abused and exploited by USA Diving certified member coaches Suarez.  There is a direct causation between the sexual abuse and exploitation they suffered and USA Diving's negligence and gross negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 154 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

155.   Plaintiffs suffered damages in an amount to be determined by a jury (including punitive damages), which damages are greater than seventy-five thousand dollars

($75,000.00), as a result of USA Diving's negligence and gross negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 3, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 155 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

### COUNT 4
### Negligence and Gross Negligence
*By Plaintiffs against John Wingfield and RipFest*

156. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 156 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

157. Defendants Wingfield and RipFest employed Defendants Suarez.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 157 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

158. Defendants Wingfield and RipFest continued to employ Defendant Suarez after Jane Doe 1 complained to Defendant Wingfield that Defendant Suarez tried to

sexually assault her in RipFest housing.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 158 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

159.    Defendants Wingfield and RipFest owe their athletes a duty to maintain a training and competition environment that is reasonably safe.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 159 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

160.    By ignoring and dismissing these complaints of sexual assault and exploitation by Suarez, Defendants Wingfield and RipFest breached their duty to Plaintiffs.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 160 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

161.    Wingfield and RipFest acted willfully and wantonly violated their duties to Plaintiffs and thereby engaged in grossly negligent behavior. It was well known to them that sexual abuse was likely to occur and that Plaintiffs would be sexually

abused and assaulted.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 161 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

162.   Because of multiple breaches of duty by Defendants Wingfield and RipFest, Plaintiffs were sexually abused and exploited. There is a direct causation between the sexual abuse and exploitation they suffered and Wingfield and RipFest's negligence and gross negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 162 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

163.   Plaintiffs suffered damages in an amount to be determined by a jury (including punitive damages), which damages are greater than seventy-five thousand dollars ($75,000.00), as a result of Wingfield and Ripfest's negligence and gross negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 4, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 163 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

**COUNT 5**
**Negligent Infliction of Emotional Distress**
*By Jane Doe 1 and Amy Stevens against USA Diving, Wingfield, and*
*RipFest*

164.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

**Answer: Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 164 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

165.   Defendants each owed Amy and Jane Doe 1 a duty to provide a safe environment to coach and participate in the sport of diving.

**Answer: Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 165 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

166.   Defendants breached this duty when they failed to take action against Suarez when they learned of his assaults of Jane Doe 1 in 2015.

**Answer: Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 166 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

167. Defendants' breach caused Jane Doe 1 and Amy to be physically assaulted by Suarez after May 2015.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 167 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

168. Those subsequent assaults led to Jane Doe 1 and Amy suffering severe emotional and physical injuries.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 168 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

169. Plaintiffs suffered damages in an amount to be determined by a jury, which damages are greater than seventy-five thousand dollars ($75,000.00), as a result of Defendants' actions.

**<u>Answer:</u> Since Johel Ramirez Suarez is not named in Count 5, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 169 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

**COUNT 6**
**Negligence and Gross Negligence**
*By Plaintiffs Against Arcadia*

170.    Plaintiffs reallege and incorporate by reference each and every allegation contained

in the preceding paragraphs as if fully set forth herein.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks
knowledge or information sufficient to form a belief as to the truth of the
allegation in paragraph 170 of the Fourth Amended Complaint and therefore
denies each and every allegation therein.**

171.    Defendant, through its sole principal and manager Defendant Wingfield, owned and

operated properties used by Defendant Ripfest including a commercial building

located at 108 South Olive Street Arcadia, IN 46030.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks
knowledge or information sufficient to form a belief as to the truth of the
allegation in paragraph 170 of the Fourth Amended Complaint and therefore
denies each and every allegation therein.**

172.    Arcadia owed a duty to the athletes training at the Arcadia's building to maintain

a reasonably safe environment.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks
knowledge or information sufficient to form a belief as to the truth of the
allegation in paragraph 172 of the Fourth Amended Complaint and therefore**

**denies each and every allegation therein.**

173.   Arcadia was on actual or constructive notice of multiple complaints of sexual assault at its properties that were used by Ripfest through its sole principal and manager Defendant Wingfield as early as June of 2015.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 173 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

174.   Despite the multiple complaints, Arcadia took no action and dismissed the complaints through its sole manager and principal Defendant Wingfield.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 174 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

175.   By ignoring these complaints of sexual assault Arcadia breached its duty to Plaintiffs.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is required. To the extent a response is required, Johel Ramirez Suarez lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 175 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

176.    Defendant Arcadia acted willfully and wantonly in violating its duties to Plaintiffs
and thereby engaged in grossly negligent behavior. It was well known to it that
sexual abuse was likely to occur and that Plaintiffs would be sexually abused and
assaulted.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks
knowledge or information sufficient to form a belief as to the truth of the
allegation in paragraph 176 of the Fourth Amended Complaint and therefore
denies each and every allegation therein.**

177.    Because of multiple breaches of duty by Defendant Arcadia, Plaintiffs were
sexually abused and exploited. There is a direct causation between the sexual
abuse and exploitation they suffered and Arcadia's negligence and gross
negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks
knowledge or information sufficient to form a belief as to the truth of the
allegation in paragraph 177 of the Fourth Amended Complaint and therefore
denies each and every allegation therein.**

178.    Plaintiffs suffered damages in an amount to be determined by a jury (including
punitive damages), which damages are greater than seventy-five thousand dollars
($75,000.00), as a result of Arcadia's negligence and gross negligence.

**Answer: Since Johel Ramirez Suarez is not named in Count 6, no response is
required. To the extent a response is required, Johel Ramirez Suarez lacks**

**knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 178 of the Fourth Amended Complaint and therefore denies each and every allegation therein.**

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiffs' Fourth Amended Complaint and Jury Demand, Johel Ramirez Suarez. ("Suarez") states and alleges:

1.      Some or all of Plaintiffs' claims are or may be barred by the applicable statute of limitations.

2.      At least one of all Battery elements failed to occur.

3.      Defendant had consent to physically make contact with Plaintiffs solely for the purpose of stretching and training pursuant to Defendant's duties as a diving/swim coach and did not breach any duty of care to Plaintiffs.

4.      Plaintiffs' alleged loss or damages of which they complain were proximately caused by their own fault, which exceeds 50% of the total fault and bars their recovery.

5.      Plaintiffs may have failed to mitigate their claimed damages.

6.      To the extent that Plaintiffs' demand for damages includes punitive damages, the Defendant specifically incorporate by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003), *Philip Morris, USA v. Williams*, 127 S.Ct. 1057 (2007), and *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605 (2008), together with all such standards applicable under IND. CODE § 34-51-3-4.

7.      The Defendant reserve the right to identify further affirmative defenses as may

become known through discovery.

Dated: December 7, 2019

Respectfully Submitted,

Star E. B. Martinez
Harwell Legal Counsel LLC
156 E. Market St. Ste. 701
Indianapolis, Indiana 46204
Telephone: 317-500-4435
Fax: 317-489-6190
Star.martinez@sebmlaw.com
star@harwelllegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

Jeff Gibson
WAGNER REESE, LLP
jgibson@wagnerreese.com
*Attorney for Plaintiff Amy Stevens*

Joseph L. Mulvey MULVEY LAW LLC
joseph@mulveylawllc.com
*Attorney for Plaintiff Jane Doe 1*

Bernard L. Pylitt Kristopher N. Kazmierczak
KATZ KORIN CUNNINGHAM PC
bpylitt@kkclegal.com kkaz@kkclegal.com
*Attorneys for USA Diving, Inc.*

Steven F. Stapleton Marshall
W. Grate Maria
Fracassa Dwyer
Colleen E. McCarty
CLARK HILL PLC
sstapleton@clarkhill.com
mgrate@clarkhill.com
mdwyer@clarkhill.com
cmccarty@clarkhill.com
*Attorneys for Defendants Indiana Diving Academy, Inc.
d/b/a RipFest and John Wingfield*

Katz Korin
CUNNINGHAM PC
334 North Senate Avenue Indianapolis, Indiana 46204
Telephone: 317-464-1100
Facsimile: 317-464-1111

Respectfully Submitted,

_____
Star E. B. Martinez, 35559-49